UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristy A. Dirks,<br><br>Plaintiff,<br><br>vs.<br><br>GC Services Limited Partnership,<br><br>Defendant. | Civil File No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Defendant's Invasions of Plaintiff's Privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and under 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Kristy A. Dirks ("Dirks" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services Limited Partnership ("GC" or "Defendant"), upon information and belief, is a foreign limited partnership that operates as a debt

collection agency from an address of 6330 Gulfton, Houston, Texas 77081.  GC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with Citibank N.A., which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before August 2011.

9. Beginning on or about August 2, 2011 Defendant caused Plaintiff's home telephone number to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff in an attempt to collect a debt and in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692d and 1692d(5).

10. Specifically, Defendant, on or about August 2, 2011, telephoned Plaintiff at home a total of nine times during a ten minute period.

11. Defendant telephoned Plaintiff at home on or about August 2, 2011 at the following times:  11:20 am; 11:21 am; 11:21 am; 11:22 am; 11:23 am; 11:24 am; 11:26 am; 11:28 am; and at 11:30 am.

12. On or about August 16, 2011, Defendant caused Plaintiff's work telephone number to ring repeatedly and continuously with the intent to annoy, abuse and

harass Plaintiff in an attempt to collect a debt and in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692d and 1692d(6).

13. Specifically, Defendant, on or about August 16, 2011, telephoned Plaintiff at work four times during a three minute period.

14. Defendant telephoned Plaintiff at work at the following times on or about August 16, 2011:  2:25 pm; 2:26 pm; 2:27 pm; and at 2:28 pm.

15. On or about August 3, 2011 and continuing through August 23, 2011, Defendant left scripted telephonic messages in which Defendant failed to provide a meaningful disclosure in violation of 15 U.S.C. § 1692d(6), and Defendant failed to disclose that it was a debt collector in violation of 15 U.S.C. § 1692e(11).

16. Specifically, Defendant left the following scripted telephonic message for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt on or about August 3, 2011: "Hi Kristy.  This is Ms. Owens.  Call me back in the office.  The number is 866-749-7274, direct extension is 6100.  Call me back as soon as you get this message.  Thanks.  Bye."  End of message.

17. Defendant left the following scripted telephonic message for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt on or about August 8, 2011: "Hi Kristy.  This is Marilyn Hall.  Give me a call back at 847-622-2906.  Thank you."  End of message.

18. Defendant left the following scripted telephonic message for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt on or about

August 10, 2011: "Hi Kristy. This is Marilyn Hall. I need you to return a call at 847-622-2945. Thanks. Bye." End of message.

19. Defendant left the following scripted telephonic message for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt on or about August 16, 2011: "Hi Kristy. Kristy this is Ms. Owens. Give me a call back when you receive this message please. Um, my d…, my direct number will be 866-749-7274, direct extension is 6100. Give me a call back. I've got some great news for you. Thank you. Bye." End of message.

20. Defendant left the following scripted telephonic message for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt on or about August 16, 2011: "Hi. This message is for Kristy. Kristy, this is Ms. Owens. Give me a call back in the office, um, as soon as possible. The number is 866-749-7274, direct extension is 6100. Call me back as soon as you receive this message. Got some good news for you. Thank you. Bye." End of message.

21. Defendant left the following scripted telephonic message for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt on or about August 23, 2011: "Hi Kristy. This is Marilyn Hall. I need you to return the call at 847-622-2945."

22. GC's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress damages, which include but are not limited to, humiliation, anxiety, and stress at home and at Plaintiff's work.

4

23. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of GC's acts and omissions.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

25. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

26. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

27. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29.  As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendants, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

31. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.
>
> 15 U.S.C. § 1692(a) (emphasis added).

32. Defendant GC intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

33. Defendant GC intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

34. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

35. The conduct of Defendant GC in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant GC, which occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant GC under the doctrine of Respondeat Superior liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

### COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and
- For such other and further relief from Defendant as may be just and proper.

Dated:  November 8, 2011.                         **MARSO AND MICHELSON, P.A.**

        By:   s/Patrick L. Hayes
            Patrick L. Hayes (0389869)
            William C. Michelson (129823)
            Attorneys for Plaintiff
            3101 Irving Avenue South
            Minneapolis, Minnesota 55408
            Telephone: 612-821-4817
            phayes@marsomichelson.com